

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GROVER SELLERS

ATTORNEY GENERAL

Honorable Richard F. Stovall
District Attorney
Floydada, Texas

Dear Sir:

Opinion No. O-5698

Re: Sale of certain property
by the Floydada Independent
School District.

Your letter of March 29, 1944, requesting an opinion from this department reads as follows:

"Please give me your opinion as to whether or not the Floydada Independent School District, having acquired title to certain property located within the school district by virtue of a Sheriff's Tax Deed dated the 6th day of February, 1940, can sell and convey such property by securing the written consent of the other taxing units involved for less than the amount of the delinquent taxes and less than the adjudged value placed upon said property and, if so, whether or not it will be necessary to secure consent of the State Board for such sale.

"Briefly, the facts are as follows: Suit was filed in the District Court in Floyd County, Texas in the name of the State of Texas and the City of Floydada and the Floydada Independent School District, as required, were impleaded; thereafter the City of Floydada and the Floydada Independent School District filed their Pleas of Intervention; thereafter the case was tried and judgment was rendered in favor of said taxing units in the amount of $5060.45 for taxes, interest, and costs and an adjudged value of $700.00 was placed by the court upon said property; thereafter an Order of Sale was issued and the Sheriff, after advertising said property as required by law, sold said property at public sale to the Floydada Independent School District for itself and the other taxing units involved for the sum

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

of $700.00, being the adjudged value placed upon
said property by the court, and thereafter exe-
cuted a Sheriff's Deed to the said Floydada Inde-
pendent School District.

"Section 9 of Article 7345b R.C.S. provides that
where property is bid in and held by the taxing unit
purchasing same for the use and benefit of itself and
all of the taxing units which were parties to the
suit, the property shall not be sold by the taxing unit
purchasing same for less than the adjudged value or the
amount of the judgment, whichever is lower, without the
written consent of all taxing units which have been
found to have tax liens against the property. Said
article further provides that consent in behalf of the
State of Texas may be given by the County Tax Collector
of the county in which the property is located.

"In this particular case, all the taxing units are
desirous of selling the property and will give their
written consent to the Floydada Independent School
District to sell the property, and they would like to
sell the property without the necessity of readvertis-
ing, as provided in the second paragraph of Section 9
of Article 7345b, R. C. S.

"Article 2773, R. C. S., provides as follows:
'Any houses or lands held in trust by any city or town
for public free school purposes may be sold for the
purpose of investing in more convenient and desirable
school property, with the consent of the State Board,
by the board of trustees of such city or town; and,
in such case, the president of the school board shall
execute his deed to the purchaser for the same, re-
citing the resolution of the State Board giving con-
sent thereto and the resolution of the board of trustees
authorizing such sale.'

"The opinion of the El Paso Court of Civil Appeals
in the case of R. B. Spencer and Company vs. Brown, et
al, 198 S. W. 1179, would indicate that the consent of
the State Board would be necessary.

"If there is any further information you desire
before giving your opinion on the matter, please let me
know and I shall be glad to furnish same."

Hon. Richard F. Stovall, p. 3

. In our opinion, the Floydada Independent School District may sell the property in question at private sale for less than the adjudged value thereof or the amount of the judgment against the property in said suit, whichever is lower, with the written consent of all taxing units which in said judgment have been found to have tax liens against such property, and the consent of the State Board of Education is unnecessary.

The opinion of the El Paso Court of Civil Appeals referred to in your letter deals with property which had actually been used by the school district for school purposes. On the other hand the Floydada Independent School District has acquired this property, not as an investment for the purpose of using the property as a school, but as a step in the collection of taxes on said property. A taxing unit buying in property at a tax sale conducted under the authority of Article 7345b, Revised Civil Statutes, holds such property "in trust for all taxing units adjudged to have liens on the same. . . ." Mexia Independent School District vs. City of Mexia, 133 S.W. (2d) 118, 121 (Comm. of App.). Clearly, we think, property acquired by a taxing unit under said Article 7345b is not "houses or lands held in trust by any city or town for public free school purposes," as contemplated by Article 2773, R. C. S. Said statute not being applicable, the consent of the State Board of Education is not required to make the proposed sale valid.

The third paragraph of your letter above quoted contains an analysis of the first paragraph of Section 9, Article 7345b, R. C. S. The second paragraph of said Section 9 provides in part as follows:

"Provided that if sale has not been made by such purchasing taxing unit before six months after the redemption period provided in Section 12 hereof has expired, it shall thereafter be the duty of the Sheriff upon written request from any taxing unit who has obtained a judgment in said suit, to sell said property at public outcry to the highest bidder for cash at the principal entrance of the courthouse in the county wherein the land lies, after giving notice of sale in the manner now prescribed for sale of real estate under execution."

We do not construe the quoted portion of Section 9 as making a sheriff's sale the only sale method available subse-

Hon. Richard F. Stovall, p. 4

quent to the passage of the six months after the redemption peri-
od. The taxing units are still at liberty to effect a private
sale under the written consent provision of the first paragraph
of Section 9. The evident intent of the legislature in adding
the sheriff's sale provision was to afford relief when taxing
units might be unable to agree with one another on a sale price.
Therefore, although over four years have passed since the fore-
closure sale, a sheriff's sale is unnecessary, and the property
may be sold at private sale under the conditions set out in the
first paragraph of Section 9. An earlier opinion from this
office, No. O-5072, copy of which is enclosed, supports this
conclusion.

Accordingly we hold that under the facts stated in your
letter, the Floydada Independent School District, with the written
consent of the other taxing units involved may sell said prop-
erty at private sale at the price indicated, and without the con-
sent of the State Board of Education.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By    *J. Arthur Sandlin*
        J. Arthur Sandlin
        Assistant

JAS:bb

Enclosure



APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN